## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

KEVIN KUNLAY WILLIAMS,          )
          )
      Plaintiff,        )
          )
      v.          )      No. 4:17-CV-1481 NCC
          )
UNKNOWN LLOYNDE, et al.,          )
          )
      Defendants.        )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no.201008773), an inmate at St. Charles County Jail, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.85. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In this case, plaintiff filed a letter with the Court stating that he could not provide a certified inmate account statement for the six months immediately preceding the complaint because he had not been incarcerated that long. (Docket No. 6). In the instant motion, plaintiff states that he has $9.27 in his prison account. (Docket No. 7 at 3). Therefore, the Court will require plaintiff to pay an initial partial filing fee of $1.85, an amount that is reasonable based upon the information the Court has about plaintiff's finances. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the

Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51.

This is a "context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show

more than the "mere possibility of misconduct." *Id.* The Court must review the factual

allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.*

at 1951. When faced with alternative explanations for the alleged misconduct, the Court may

exercise its judgment in determining whether plaintiff's proffered conclusion is the most

plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil

rights. Named as defendants are: Unknown Lloynde (Correctional Medical Doctor); Debbie

Echele (Medical Director) and; Larry Crawford (Director of Corrections). Plaintiff brings this

action against defendants in their individual and official capacities.

Plaintiff asserts that Doctor Lloynde "jabbed" him with his finger and "verbally abused"

him and threatened to stop his insulin prescription during a visit plaintiff had with him on March

13, 2017. Plaintiff claims that Medical Director Debbie Echele "could have fired Dr. Lloynde

immediately" but she "allowed the abuse to continue." Plaintiff asserts that Larry Crawford

could have also removed Dr. Lloynde from his position, but he did not do so.

Plaintiff states that "the institution" fails to provide inmates with certified or registered

mail, instead only allowing regular mail for legal mail. Plaintiff believes this is "wrong and

illegal."

Plaintiff seeks $25 million in damages for his purported violation of his rights.

## Discussion

Naming an official in his or her official capacity is the equivalent of naming the entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against an official in his or her official capacity, plaintiff must allege that a policy or custom of his or her employer is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of St. Charles County was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted with respect to the official capacity claims against the defendants.

Plaintiff has also failed to allege a violation of his Eighth Amendment rights, or an actual denial of medical care in this lawsuit. Although he states that Dr. Lloynde "verbally threatened" to take away his insulin prescription, there is no allegation that his insulin was ever actually removed. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Thus, plaintiff has failed to allege a deliberate indifference to his medical needs.

Further, plaintiff's allegations of verbal threats and deminis "jabbing" with a finger from Dr. Lloynde fail to state a claim under the Eighth Amendment as well. *See, e.g., McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993); *King v. Olmsted*, 117 F.3d 1065, 1067 (8th Cir. 1997) (verbal harassment actionable only if it is so brutal and wantonly cruel that it shocks the conscience, or if the threat exerts coercive pressure on the plaintiff and the plaintiff suffers from a deprivation of a constitutional right). Moreover, a mere threat to do an unconstitutional act does not create a constitutional wrong. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir.1987) (noting that a mere naked threat to engage in an act prohibited by the Constitution is not equivalent to doing the act itself); *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) ("Claims

under the Eighth Amendment require a compensable injury to be greater than de minimis."). And plaintiff may not seek to hold supervisors under a theory of respondeat superior. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). Thus, plaintiff has not stated a claim against defendants Larry Crawford and Debbie Echele.

Last, plaintiff has not stated an access to courts claim. "To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). As plaintiff has admitted in his pleading, prisoners are able to send legal mail through the U.S. Postal Service and have full access to stamps at the prison. Thus, he has not stated an access to courts claim under the First Amendment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.85 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #2] is **DENIED AS MOOT**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this <u>1st</u> day of August, 2017.

\s\ Jean C. Hamilton

JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE